UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VANCE S. ELLIOTT,<br><br>        Plaintiff,<br>    v.<br><br>DANIELLE ROSELIN,<br><br>        Defendant. | Case No.  14-cv-04026-KAW<br><br>**ORDER REASSIGNING CASE; REPORT AND RECOMMENDATION TO GRANT MOTION TO PROCEED IN FORMA PAUPERIS & DISMISS COMPLAINT WITHOUT LEAVE TO AMEND** |

    The undersigned has received Plaintiff's complaint and application to proceed in forma pauperis, both filed in this Court on September 4, 2014, after a district judge determined that the pleading was not barred by an order adjudging Plaintiff a vexatious litigant subject to pre-filing review. Plaintiff filed an amended complaint on September 9, 2014, naming the Department of Veterans Affairs as the sole defendant. In that amended pleading, Plaintiff alleges that Danielle Roselin, a psychiatrist employed by the Department of Veterans Affairs, slandered him by diagnosing him as a schizophrenic.[1]

    The Court may authorize a plaintiff to file an action in federal court without prepayment of fees or security if the plaintiff submits an affidavit showing that he or she is unable to pay such fees or give security therefor. 28 U.S.C. § 1915(a). The in forma pauperis statute also provides that the Court shall dismiss the case if at any time the Court determines that the allegation of poverty is untrue, or that the action (1) is frivolous or malicious, (2) fails to state a claim on which

---

[1] The undersigned finds that the amended complaint does not involve "any claims that have been the subject of or are related to the claims" brought in the action culminating in the vexatious litigant order. *See Elliott v. Marsh*, Case No. C 04-1600 MHP, Dkt. Nos. 31, 36. Accordingly, the undersigned treats the amended complaint as the operative complaint for the purposes of this report and recommendation.

relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

The undersigned has reviewed Plaintiff's application to proceed in forma pauperis and finds that he is unable to pay the filing fee. Therefore, the undersigned recommends that the application to proceed in forma pauperis be granted.

The undersigned, however, recommends that Plaintiff's amended complaint be dismissed without leave to amend because it seeks monetary relief against a defendant who is immune from such relief and, as a result, the court lacks subject matter jurisdiction over this case. The doctrine of sovereign immunity bars actions against the United States and its agencies except where it clearly and explicitly consents to be sued. *United States v. Testan*, 424 U.S. 392, 399 (1976). "[T]he terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *Id.* (citation omitted).

The United States has not waived its sovereign immunity against claims for libel and slander, which is one of the claims Plaintiff asserts in his amended complaint. 28 U.S.C. § 2680(h); *see Millbrook v. United States*, 133 S. Ct. 1441 (2013) ("We have referred to § 2680(h) as the 'intentional tort exception.'") (citation omitted). For this reason, the undersigned recommends that Plaintiff's amended complaint be dismissed. *See Tarlson v. United States*, No. C 13-03535 JSW, 2014 WL 605489, at * 1 (N.D. Cal. Feb. 13, 2014) (dismissing defamation claims for lack of subject matter jurisdiction); *McRae v. Barnhart*, Nos. C07-01538 MJJ & C06-1999 MJJ, 2007 WL 3036003, at * 5 (N.D. Cal. Oct. 16, 2007) (dismissing claim for slander per se as prohibited by the FTCA).

Furthermore, the undersigned notes that the operative complaint in this case does not mark the first time Plaintiff has attempted to bring an unmeritorious defamation claim against the Department of Veterans Affairs. *See e.g., Elliott v. Dep't of Veterans Affairs*, Case Nos. C 14-02678 JSW & C 14-02679 JSW (dismissing defamation action with prejudice for lack of subject matter jurisdiction); *Elliott v. Dep't of Veterans Affairs*, Case. No. 11-mc-90327 WHA (PR) (denying leave to file amended complaint in action for libel because it did not state a cognizable claim or any basis for federal subject matter jurisdiction). For this reason, the undersigned finds that any further amendment would be futile and, therefore, recommends that this case be dismissed

1  with prejudice.  *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (court should grant leave to
2  amend "unless it determines that the pleading could not possibly be cured by the allegation of
3  other facts").
4       Any party may file objections to this report and recommendation with the district judge
5  within 14 days of being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b);
6  N.D. Civil L.R. 72-2.  The parties are advised that failure to file objections within the specified
7  time may waive the right to appeal the District Court's order.  *IBEW Local 595 Trust Funds v. ACS*
8  *Controls Corp.*, No. C-10-5568 EDL, 2011 WL 1496056, at *3 (N.D. Cal. Apr. 20, 2011).

**IT IS SO RECOMMENDED.**

Dated: 09/15/2014

KANDIS A. WESTMORE
United States Magistrate Judge